IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CMAC, INC.,

          Plaintiff,

vs.

CITY OF OMAHA,

          Defendant.

8:11CV337

ORDER

     This matter is before the court on the parties' Joint Stipulation to Continue (Filing No. 31). The complaint was filed on August 28, 2011, in the District Court of Douglas County, Nebraska, and removed to this court on September 28, 2011. *See* Filing No. 1. After entering a show cause order reminding the parties of their obligation to file a Rule 26(f) planning report, the court filed the initial progression order, on December 21, 2011, authorizing the parties to begin discovery. *See* Filing Nos. 15, 17. On March 30, 2012, the court filed the Order Setting Final Schedule for Progression of Case, scheduling discovery, summary judgment, and other deadlines along with trial. *See* Filing No. 23. Approximately three months prior to the scheduled trial, the parties moved to continue all deadlines by ninety days because "discovery is not complete," "at least eight (8) depositions are contemplated," "[n]one of the planned depositions have yet been scheduled," the parties anticipated motions, evidentiary hearings, and a separate ***Daubert*** motion, and the parties wanted to fully explore settlement. *See* Filing No. 26. The court granted the extension moving trial from December 2012 to April 2013. *See* Filing No. 27. Two weeks after the extended deposition deadline, the parties filed another motion to extend deadlines, such motion was identical to the earlier motion. *See* Filing No. 28. On February 15, 2013, the court granted the motion moving the discovery deadline to May 1, 2013, and moving trial to August 19, 2013. *See* Filing No. 29. The February 15, 2013, Order stated, "No further extensions of the deadlines will be granted except on a showing that, after an exercise of due diligence by the parties, a manifest injustice would occur if a requested extensions were not granted." ***Id.***

     On May 7, 2013, the parties filed the instant motion seeking a one-hundred eighty day extension of all deadlines. *See* Filing No. 31. Again the motion is identical to

previous motions indicating "discovery is not complete," "at least eight (8) depositions are contemplated," "[n]one of the planned depositions have yet been scheduled," the parties anticipated motions, evidentiary hearings, and a separate **Daubert** motion, and the parties wanted to fully explore settlement. *Id.*

The court cannot grant the extension sought by the parties for three reasons. First, Rule 16(b)(4) requires the parties to show good cause justifying any modifications to a scheduling order. **See** Fed. R. Civ. P. 16(b); **Bradford v. DANA Corp.**, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also** Fed. R. Civ. P. 6(b)(1); **Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).  Here, the moving parties fail to provide good cause for the inadequate discovery completed to date or the lengthy extension of time.  Second, Rule 6(b)(1)(B) imposes a greater burden on counsel when the motion is filed after the deadlines has expired.  In addition to showing good cause, Rule 6 authorizes the court to extend the parties' deadline only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  This rule applies with respect to the parties' discovery deadline.  Again, the parties fail to provide any explanation demonstrating excusable neglect.  Finally, the parties fail to meet the stringent standard set by the February 15, 2013, Order by explaining what diligent efforts counsel undertook to comply with the deadlines or the likely manifest injustice absent the lengthy extension.  Accordingly, the parties' Joint Stipulation to Continue ([Filing No. 31](Filing No. 31)) is denied without prejudice.

**IT IS SO ORDERED**.

Dated this 8th day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge