IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CMAC, INC.,<br><br>           Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA,<br><br>           Defendant. | 8:11CV337<br><br>THIRD AMENDED ORDER<br>SETTING FINAL SCHEDULE<br>FOR PROGRESSION OF CASE |

This matter is before the court on the parties' Joint Motion to Reconsider (Filing No. 33).  Upon a showing of good cause, the parties' motion is granted and the court's February 15, 2013, second amended progression order (Filing No. 29) is amended as set forth below.

**IT IS ORDERED:**

1.    The parties' Joint Motion to Reconsider (Filing No. 33) is granted.

2.    **Discovery Deadlines.**

    **a.    Deposition Deadline.**  All depositions, whether or not they are intended to be used at trial, shall be completed by **October 31, 2013**.

    **b.    Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline.  Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

    **c.    Discovery Motions.**  Discovery motions shall be filed not later than **August 1, 2013**, as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline.  Counsel are reminded of the provisions of NECivR 7.1(i).

3. **Pretrial Disclosures.**[2] Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

a. **Witnesses - On or before September 30, 2013**: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

b. **Deposition Testimony and Discovery -** The designation of discovery testimony and discovery responses intended to be utilized at trial is not required for this case. Motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

c. **Trial Exhibits - On or before February 7, 2014:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

d. **Waiver of Objections**: Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

4. **Motions *in Limine*.**

a. Motions *in limine* challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702 shall be filed by **December 31, 2013**. See ***Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137 (1999); ***Daubert v. Merrell-Dow Pharms.***, 509 U.S. 579 (1993). The motions should be accompanied by a

---

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. **See** NECivR 5.3.

request for a hearing, if necessary.  Failure to timely move for a hearing may constitute waiver of the request for a hearing.

      **b.**    Any **other** motions *in limine* shall be filed on or before **February 14, 2014**.

5.    **The Final Pretrial Conference** with the undersigned magistrate judge is set for **February 21, 2014, at 10:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

6.    **Settlement.**

      **a.**    Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal.  Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

      **b.**    In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office.  The filing of a mediation reference order will terminate pending motions, without prejudice to refiling.  If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating

---

[3]  All personal information should be redacted from the public version of the order and/or attachments filed with the clerk.  **See** NECivR 5.3.

the response/reply time that remained as of the date the mediation reference order was filed.

  **c.** Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury.  <u>If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may -- and  normally will -- be made against a party and/or counsel for one or more of the parties.  For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial</u>.

  7. **Trial** is set to commence, at the court's call, during the week of **March 17, 2014**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury. Unless otherwise ordered, jury selection shall be at the commencement of trial.

  8. **Motions to alter dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

  Dated this 20th day of June, 2013.

               BY THE COURT:

                s/ Thomas D. Thalken
               United States Magistrate Judge